198 June 4, 2025 No. 522

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

AUBREY RYAN QUINN-WARD,
*Defendant-Appellant.*

Washington County Circuit Court
22CR42733; A182601

Eric Butterfield, Judge.

Submitted April 21, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and O'Connor, Judge.

O'CONNOR, J.

Affirmed.

**O'CONNOR, J.**

Defendant appeals a judgment of conviction for first-degree online sexual corruption of a child, ORS 163.433.[1] He assigns error to the trial court's denial of his motion for judgment of acquittal. He argues that the evidence viewed in the light most favorable to the state does not establish beyond a reasonable doubt that he "solicited" a child to engage in sexual conduct, as the legislature defined that term in ORS 163.431(5). The state responds that the trial court did not err because the evidence was legally sufficient, for the reasons explained in *State v. Lewis*, 292 Or App 1, 423 P3d 129, *rev den*, 363 Or 744 (2018). We agree that the trial court did not err. Thus, we affirm.

We review for legal error a trial court's interpretation of a statute when a defendant's challenge to the sufficiency of the evidence turns on the statute's meaning. *Id.* at 6. We interpret the statute to identify the legislature's intent by examining the text and context and reviewing the legislative history that we find helpful. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). We then determine whether a rational factfinder viewing the evidence in the light most favorable to the state could have found the elements of the offense beyond a reasonable doubt. *Lewis*, 292 Or App at 6.

The legislature defined "solicit" in ORS 163.432 to mean "to invite, request, seduce, lure, entice, persuade, prevail upon, coax, coerce or attempt to do so." ORS 163.431(5). Defendant argues that those words "connote affirmatively seeking out as opposed to being a passive receiver of attention."

---

[1] ORS 163.433(1) provides:

"A person commits the crime of online sexual corruption of a child in the first degree if the person violates ORS 163.432 and intentionally takes a substantial step toward physically meeting with or encountering the child."

ORS 163.432 provides, in relevant part:

"(1) A person commits the crime of online sexual corruption of a child in the second degree if the person is 18 years of age or older and:

"(a) For the purpose of arousing or gratifying the sexual desire of the person or another person, knowingly uses an online communication to solicit a child to engage in sexual contact or sexually explicit conduct; and

"(b) Offers or agrees to physically meet with the child."

We rejected a similar argument in *Lewis*. In that case, the defendant had responded to a personal advertisement placed in the escort section of a website by an undercover police officer in which the officer posed as a 17- or 18-year-old named Sam. *Lewis*, 292 Or App at 3. Sam told the defendant that she was actually 15 years old, and he asked Sam over text message whether he could "head over" or "come over" to her house to engage in sexual contact. We held that the evidence in the light most favorable to the state established beyond a reasonable doubt that the defendant had solicited the child, because the "defendant's text messages asking '[c]an I head over?' and 'I'm good to come over now?' were requests to engage in sexual contact; that is, they were solicitations within the meaning of [ORS 163.431(5)]." *Id*. at 6.

Here, like in *Lewis*, an undercover police officer created a fake profile online. The fake profile was for a 22-year-old woman, Hannah. Defendant and Hannah connected online. Hannah told defendant that she was actually 15 years old and in high school. After learning Hannah's age, defendant repeatedly asked her for pictures; messaged her about engaging in sexual contact; called her on the phone to discuss whether to bring condoms; called a second time to ask if Hannah wanted alcohol or marijuana; offered to go to Hannah's house to engage in sexual contact; and drove to the address Hannah provided. As in *Lewis*, a factfinder viewing the evidence in the light most favorable to the state could conclude beyond a reasonable doubt that defendant knowingly used an online communication to solicit a child to engage in sexual contact or sexually explicit conduct, in violation of ORS 163.432, even though Hannah initiated some of the conversations about sexual contact.

Affirmed.